John D. Tran, Bar No. 231761
  jdt@rhemalaw.com
Rosalind T. Ong, Bar No. 234326
  rto@rhemalaw.com
RHEMA LAW GROUP, P.C.
1 Park Plaza, 6th Floor
Irvine, CA 92614
Tel:   (949) 852-4430
Fax:   (866) 929-3519

*Attorneys for Plaintiff UZBL, LLC*

Rex Hwang – State Bar No. 221079
rhwang@glaserweil.com
Thomas P. Burke Jr. – State Bar No. 288261
tburke@glaserweil.com
Justin P. Thiele – State Bar No. 311787
jthiele@glaserweil.com
GLASER WEIL FINK HOWARD
  AVCHEN & SHAPIRO, LLP
10250 Constellation Blvd., 19th Floor
Los Angeles, CA 90067
Tel:   (310) 553-3000
Fax:   (310) 843-2626

*Attorneys for Defendants Devicewear, LLC
and Robert Dodge*

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UZBL, LLC, a California Limited Liability Company | Case No.   8:17-cv-01978-JVS-KES |
| Plaintiff, | **RULE 26(f) JOINT REPORT** |
| vs. | Complaint Filed:   November 9, 2017 |
| DEVICEWEAR, LLC, a Delaware Limited Liability Company; ROBERT DODGE, an individual, DOES 1 through 10, inclusive, | Trial Date:   None Set |
| Defendants. | |

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and Civil Local Rule 26-1 and the Order Scheduling Meeting of Counsel and setting Scheduling Conference, Plaintiff UZBL, LLC ("Plaintiff" or "UZBL") and Defendants Devicewear, LLC and Robert Dodge (herein collectively "Defendants") hereby jointly submit this Rule 26 Joint Scheduling Report.

## I.      STATEMENT OF THE CASE

**Plaintiff's Position:**

UZBL manufactures, distributes, markets and sells novel and distinct cases and products for protecting electronic devices.  In particular, UZBL manufactures and sells a successful line of electronic tablet protective cases under its' "Shockwave®" brand.  UZBL has spent considerable time and resources in developing the unique and distinctive appearance and design of its' Shockwave® brand of tablet protective cases.  In doing so, UZBL is the assignee and owner of all rights, title and interest in U.S. Design Patent No. D763,853 (the "'853 patent"), entitled "Tablet Computer Case," which covers its' "Shockwave®" product. The '853 patent was duly and legally issued on August 16, 2016, by the United States Patent and Trademark Office. UZBL has retained all rights to enforce the '853 patent.

In addition, UZBL is also the assignee and owner of all rights, title and interest in U.S. Copyright Registration No. VA 1-912-803 (the "'803 copyright"), entitled "Shockwave Protective Case," for copyrighted photographs and 2-D artwork related to its' "Shockwave®" product.  The '803 copyright was duly and legally issued on July 2, 2014, by the United States Copyright Office. UZBL has retained all rights to enforce the '803 copyright.

In and around early 2014, UZBL discovered that Defendants were manufacturing, distributing and selling a similar line of tablet protective cases to its' "Shockwave®" products.  Upon information and belief, Defendants sell its accused products under the brand "Caseiopeia," and other variations such as "Caseiopeia KeepSAFE."  On July 2, 2014, UZBL sent Defendants a letter notifying them of its'

1  intellectual property rights and requested Defendants cease and desist from selling,

2  manufacturing, distributing and/or using its' accused products.

3       On July 7, 2014, Defendants sent a response letter and expressly refused to

4  agree to comply with UZBL's cease and desist request.

5       On January 16, 2017, UZBL sent Defendants a second cease and desist letter

6  notifying them of patent and copyright infringement and providing a detailed list of

7  accused products.

8       In view of Defendants' refusal to agree to cease and desist from its' continuing

9  infringing activities, UZBL filed its' formal complaint against Defendants on

10  November 9, 2017.

11       UZBL claims that Defendants' infringement is willful, and that this case is

12  exceptional under 35 U.S.C. Section 285, and willful statutory damages are allowed

13  under 17 U.S. Section 504 (c)(2).

14  **<u>Defendants' Position</u>:**

15       While Devicewear acknowledges that it is in the business of selling accessories

16  (*e.g.*, protective cases for Apple iPads) and that attorneys for the parties exchanged

17  letters prior to this lawsuit being filed, Defendants deny all of UZBL's remaining

18  allegations.  For example, as detailed in Defendants' Answer to UZBL's Complaint,

19  Defendants asserts that UZBL lacks protectable copyright or patent interest in the

20  design for the "Shockwave Protective Case" to the extent it is not original or is

21  functional.  Defendants additionally assert that UZBL's claims for relief are barred in

22  whole or in party by the doctrine of prosecution history estoppel and/or the equitable

23  doctrines of waiver, implied waiver, acquiescence, equitable estoppel, promissory

24  estoppel, patent misuse, unfair competition, unclean hands and/or other equitable

25  remedies.  UZBL is also limited and/or precluded in its right to seek statutory

26  damages or enhanced damages for willful infringement given the facts of this case.

27  UZBL's claims are further barred in whole or in part because Defendants are not

28  liable for the acts of others over whom they have no control.  Defendant Dodge

contends that he is not personally liable for the actions of Defendant Devicewear, and therefore is not a proper party to this suit.

## II.     JURISDICTION

This action is for patent infringement, copyright infringement and unfair competition, arising under the patent laws of the United States, Title 35 of the United States Code; copyright law under Title 17 of the United States Code and unfair competition arising under the Title 15.  UZBL seeks declaratory relief under 28 U.S.C. §§ 2201 and 2202.  The parties agree that the Court has both subject matter and personal jurisdiction over this action and Defendants, respectively.  The parties also agree that this is an appropriate venue for this action.

## III.    LEGAL ISSUES

1.     The alleged infringement by Defendants of UZBL's Design Patent and Copyright Registrations, including the similarity between the "Shockwave" design and the accused products, Defendants' origination and/or acquisition of the accused products, and whether Defendants had access to the UZBL "Shockwave" design.

2.     UZBL allegation that Defendants' infringement was willful.

3.     The validity of the '853 Patent and '803 copyright registrations.

4.     Proper construction of the '853 Patent's claim.

5.     UZBL's claims for damages, costs, attorneys' fees, enhanced damages, and/or injunctive relief.

6.     Whether UZBL's claims for relief are barred in whole or in part by the applicable statutes of limitations.

7.     Whether UZBL's claims for relief are barred in whole or in party by any equitable remedies.

8.     Whether this is an exceptional case under 35 U.S.C. § 285.

3

Rule 26(f) Joint Scheduling Report

1508203.3

## IV.    DAMAGES

Plaintiff seeks damages in the amount to be proven at trial, which may include lost profits, but not less than a reasonable royalty, statutory damages, enhanced damages due to Defendants' willful infringement, interest, attorneys' fees, costs, and any other relief that the Court deems just and equitable.  Plaintiff also seeks a permanent injunction enjoining Defendants from making, selling, distributing, and using its' accused products.

Defendants deny that Plaintiff is entitled to any such damages, interest, attorneys' fees, costs, or any other relief.  Further, even if found liable for copyright infringement, UZBL will not be entitled to full disgorgement of Defendants' profits, but rather only that portion attributable to any proven infringement.

## V.    SETTLEMENT

Though some early settlement negotiations have taken place, no agreements have been reached.  Pursuant to Local Rule 16-15.4, the parties agree to elect Central District of California ADR procedure No. 2 for mediation.

## VI.    MOTIONS

No motions have been filed to date.

UZBL anticipates that it may file motions seeking summary judgment on one or more aspects of the claims, counterclaims, and defenses in the litigation.

Defendants anticipate filing motions for summary judgment of non-infringement, invalidity, and/or unenforceability.

Plaintiff and Defendant also expect to file pre-trial motions, such as motions *in limine*, and may file discovery motions if the need arises.

## VII.    MANUAL FOR COMPLEX LITIGATION

The parties do not believe all or part of the procedures of the Manual for Complex Litigation should be utilized.

1508203.3

## VIII.    STATUS OF DISCOVERY

The parties expect to timely exchange their Initial Disclosures pursuant to FRCP 26(a) within two weeks after the Court's issuance of its scheduling order. Both parties have agreed that discovery will commence on the same day that the Initial Disclosures are exchanged and written discovery may be served with each parties' initial disclosures.

## IX.    DISCOVERY PLAN

### a.    Discovery Limitations

#### i.    Discovery Requests

The parties agree that discovery should be conducted in accordance with the Federal Rules of Civil Procedure.

#### ii.    Depositions of Parties and Third Parties

The parties agree that depositions should be conducted in accordance with the Federal Rules of Civil Procedure.

#### iii.    Experts

The parties agree that expert discovery will be conducted in accordance with the Federal Rules of Civil Procedure.

#### iv.    Privilege Log

The parties agree to resolve privilege issues in accordance with the Federal Rules of Civil Procedure. The parties further agree that privileged and/or work product documents created by any party after the filing of the Complaint do not need to be logged.

#### v.    Modification and Schedule

The above limitations may be modified by agreement of the parties and by further Order of the Court. The parties' proposed schedule is included in Exhibit A, attached to this Report.

**b.   Evidence Preservation**

Counsel for the parties have discussed the need for preserving evidence and have advised their clients of the need for preserving all documents and information relevant to the claims and defenses asserted in this case.

**c.   Electronically Stored Information**

The parties agree that the parties shall produce documents and information in native, paper, or PDF format.  If a request for documents in a TIFF/OCR format with load files is made, the producing party agrees to provide the requested documents in single-document (which is different than single-page) PDF files, which the requesting party may then have converted to a TIFF/OCR format with load files at its own expense.  Where such ESI is produced, and should the recipient not be able to access the information, the producing party shall provide any and all passwords and otherwise cooperate in assisting the recipient to read and sort the data.  If either party requests the ESI in native format, and such native documents have not been previously produced, they shall be provided in native format (without load files) at no cost.

**d.   Protective Order**

The parties agree to negotiate the terms of an appropriate Protective Order for this case in good faith.

**e.   Electronic Service**

The parties agree that service by email of discovery requests and responses shall be treated as if the document had been served by hand.  Each party shall identify to the other a list of addresses for email service.

**X.   JOINING OF PARTIES**

The parties' proposed deadline for joining additional parties is August 27, 2018.

**XI.   DISCOVERY CUT-OFF**

The parties' propose that fact discovery shall be completed by March 14, 2019.

1508203.3

## XII.   EXPERT DISCOVERY

The parties propose that initial expert witness disclosures be completed by March 18, 2019; that rebuttal expert witness disclosures be completed by April 1, 2019; and that expert discovery be completed by May 15, 2019.

## XIII.   DISPOSITIVE MOTIONS

Plaintiff believes that its infringement claims may be determined by motion and/or partial motion for summary judgment.  Defendants believe that their non-infringement counterclaims, affirmative defenses, and defenses may be determined by motion or partial motion for summary judgment.

## XIV.   TRIAL ESTIMATE

UZBL has requested a jury trial.  The parties anticipate that trial will last approximately five days.

## XV.   INDEPENDENT EXPERT OR MASTER

The parties do not believe this is a case where the Court should consider appointing a master pursuant to Rule 53 or an independent scientific expert.

## XVI.   SEVERANCE/BIFURCATION

At this time, the parties do not believe a request for bifurcation of issues or parties will be made.

## XVII.   INSURANCE

The parties are not aware of insurance coverage for the claims at issue.

## XVIII.  CLAIM CONSTRUCTION

The parties propose that any claim construction issues be determined by summary judgment.

## XIX.   OTHER ISSUES

The parties are not aware of any other issues affecting the status or management of the case that should be addressed at this time

1
2
3     Dated: 7/6/2018
4
5
6
7

8
9
10
11
12     Dated: 7/6/2018
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Respectfully submitted,
**RHEMA LAW GROUP, P.C.**

/johntran/
_____
John D. Tran
Rosalind T. Ong
Attorneys for Plaintiff
UZBL, LLC

Respectfully submitted,
**GLASER WEIL LLP**

/s/ Rex Hwang
_____
Rex Hwang
Thomas P. Burke, Jr.
Justin Thiele
*Attorneys for Defendants*
*Devicewear, LLC*
*and Robert Dodge*

Rule 26(f) Joint Scheduling Report

1508203.3